**Nancy L. Alper, Bar No. 411324**
**Senior Assistant Attorney General**
**Office of the Attorney General for**
**the District of Columbia**
**400 6th Street, N.W., 9th Floor**
**Washington, DC 20001**
**Tel: (202) 724-8122**
**Email:** Nancy.alper@dc.gov

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **In Re:** | ) | |
| | ) | |
| 1416 EASTERN AVE NE LLC | ) | Case No. 24-180-ELG |
| 945 LONGFELLOW ST NW LLC | ) | Case No. 24-181-ELG |
| 2501 NAYLOR RD SE LLC | ) | Case No. 24-182-ELG |
| 4303-13 WHEELER RD SE LLC | ) | Case No. 24-183-ELG |
| 4263 6TH ST SE APARTMENTS LLC | ) | Case No. 24-184-ELG |
| 4935 NHB AVE NE LLC | ) | Case No. 24-185-ELG |
| 3968 MLK LLC | ) | Case No. 24-186-ELG |
| 4010 9TH ST SE LLC | ) | Case No. 24-187-ELG |
| 2440 S ST SE LLC | ) | Case No. 24-188-ELG |
| 4400 HUNT PL NE LLC | ) | Case No. 24-189-ELG |
| | | **NOT JOINTLY ADMINISTERED** |
| **Debtors.** | | |

### JOINDER OF THE DISTRICT OF COLUMBIA TO UNITED STATES TRUSTEE'S MOTION TO DIRECT THE APPOINTMENT OF A CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. 1104(a) OR, IN THE ALTERNATIVE, TO CONVERT CHAPTER 11 CASES

The District joins in the Motion to Direct the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. 1104(a) Or, in the Alternative, to Convert Chapter 11 Cases filed by the United States Trustee. Specifically, the District requests that this Honorable Court grant the Motion of the United States Trustee ("UST") to convert each one of these ten Chapter 11 bankruptcy cases to Chapter 7 of the United States Bankruptcy Code ("Bankruptcy Code"), or in

the alternative to authorize the UST to appoint a Chapter 11 Trustee pursuant to 11 U.S.C. § 1104(a) of the Bankruptcy Code. In support thereof, the District states as follows:

## I. JURISDICTION

(1) This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334 and 11 U.S.C. § 1104 *et seq.* This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. PARTIES

(2) The District, a municipal corporation empowered to sue and be sued, is the local government for the territory constituting the permanent seat of the government of the United States. The District files this action through its chief legal officer, the Attorney General for the District of Columbia. The Attorney General has general charge and conduct of all legal business of the District and all suits initiated by and against the District and is responsible for upholding the public interest. D.C. Code § 1-301.81(a)(1).

(3) Debtor in each of the ten properties listed in the caption is a limited liability company. Each of the ten voluntary petitions placing the properties under the protection of the United States Bankruptcy Court for the District of Columbia was signed by Ali Razjooyan.

## II. RELIEF REQUESTED

(4) By this Joinder, the District joins the UST's Motion to Direct the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a), or in the Alternative, to Convert Chapter 11 Cases ("UST Motion") filed in each of the ten bankruptcy proceedings on the grounds set forth in the UST's Motion.

### III. JOINDER AND BASIS FOR RELIEF

(5) As set forth in the UST Motion, the District joins the UST in seeking a motion to direct the appoint of a Chapter 11 Trustee in each of the ten Chapter 11 cases, or in the alternative to convert each of Debtor's Chapter 11 bankruptcy proceedings to Chapter 7 pursuant to Sections 1104 and 1112 of the Bankruptcy Code, 11 U.S.C. §§ 1104 and 1112, on the grounds that there is cause to find "fraud, dishonesty, incompetence and gross mismanagement" as exhibited by the testimony given by Mr. Razjooyan at the June 4, 2024, hearing.

(4) As stated in the UST Motion:

> Section 1104 of the Bankruptcy Code provides that the court "shall order the appointment of a trustee—for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case…" 11 U.S.C. § 1104(a)(1). Under section 1104(a)(2), the court must order the appointment of a trustee if such an appointment "is in the best interests of creditors, any equity security holders, and other interests of the estate." Id. at §1104(a)(2). Section 1112(b)(1), provides that the court "shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1). Section 1112(b)(4) contains a non-exhaustive list of circumstances which constitute "cause" for dismissal or conversion. See 11 U.S.C. § 1112(b)(4). Here, cause exists to appoint a chapter 11 trustee. Mr. Razjooyan, who manages all ten of the above-captioned Debtors, was not truthful during his testimony before the Court at the June 4, 2024, hearing on the Sale Motions.

(5) Further, Section 341 of the Bankruptcy Code, 11 U.S.C. § 341, provides that the United States Trustee shall convene and preside at a meeting of creditors. Section 343 of the Bankruptcy Code, 11 U.S.C. § 343, mandates that the debtor appear at the creditors' meeting and submit to an examination under oath.

3

(6) The authorized representative and its counsel for each of the ten Debtors have failed to appear at their respective meetings of creditors scheduled on June 24, 26 and 28, 2024, pursuant to Section 341 of the Bankruptcy Code, 11 U.S.C. § 341, and each authorized representative of the ten Debtors also failed to submit to an examination under oath pursuant to Section 343 of the Bankruptcy Code, 11 U.S.C. § 343.  For the continued Section 341 creditors' meetings of four of the ten properties scheduled for July 8, 2024, the authorized representative of the Debtor and its counsel failed to appear and the authorized representative of each of the four properties failed to submit to an examination under oath.  On each date, the United States Trustee certified on the record that the authorized representative and its counsel had failed to appear and continued the Section 341 meetings.

(7) Accordingly, this Honorable Court should convert these ten Chapter 11 cases, or in the alternative direct the United States Trustee to appoint a Chapter 11 trustee.  These Debtors should not be permitted to enjoy the benefits of bankruptcy protection but avoid its obligations. Dismissal of these cases is not in the best interests of these Debtors' creditors or their estates.

(8) The District reserves all of its rights, interests and entitlements, including, without limitation to assert additional objections, rights, entitlements, or requests for relief, including its rights to object to the sale of the Property, and/or to seek to have the reference withdrawn.

WHEREFORE, the District requests that the Office of the United States Trustee's Motion to Direct the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a), or in the Alternative, to Convert Chapter 11 Cases joined by the District be granted, and for such other and further relief as the Court deems just.

Date:  July 8, 2024.

        Respectfully submitted,

        BRIAN SCHWALB
        Attorney General for the District of Columbia

        DAVID FISHER
        Deputy Attorney General

        /s/ William Burk
        WILLIAM BURK, D.C. Bar No. 325274
        Chief, Land Acquisition and Bankruptcy Section

        /s/ Nancy L. Alper
        NANCY L. ALPER, D.C. Bar No. 411324
        Senior Assistant Attorney General
        Land Acquisition and Bankruptcy Section
        400 6th Street, N.W., 9th Floor
        Washington, D.C.  20001
        (202) 724-8122
        nancy.alper@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of July, 2024, I caused a copy of the foregoing **District of Columbia's Joinder to the Office of United States Trustee's Motion to Direct the Appointment of Chapter 11 Trustee, or in the Alternative to Convert Chapter 11 Cases** to be filed and served electronically using the Court's ECF System.

        /s/ Nancy L. Alper
        NANCY L. ALPER, D.C. Bar No. 411324